RHS:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. __00-6024-CR-FERGUSON__
Magistrate Judge Snow

UNITED STATES OF AMERICA )
)
)
)
v. )
)
OSWALDO DELAROSA, )
)
Defendant. )
_____)

**GOVERNMENT'S RESPONSE TO
THE STANDING DISCOVERY ORDER**

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

A. 1. The government is unaware of any written or recorded statements made by the defendant.

2. That portion of the written record containing the substance of any oral statement made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent is attached.

3. No defendant testified before the Grand Jury.

4. The NCIC record of the defendant, if any exists, will be made available upon receipt by this office.



5. Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time at the Office of the United States Attorney, 500 East Broward Blvd, Ste 700, Fort Lauderdale, Florida 33394. Please call the undersigned to set up a date and time that is convenient to both parties.

   Attached please find a copy of documents seized at the time of the arrest of the defendant and photographs taken.

6. A laboratory analysis of the substance seized in connection with this case will be made available to you upon receipt by this office.

B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government is presently unaware of any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S.97 (1976).

D. There have been no payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E. There is no co-conspirator, accomplice or informant who will testify for the government at trial.

F. No defendant was identified in a lineup, show up, photo spread or similar identification proceedings.

G. The government has advised its agents and officers involved in this case to preserve all rough notes.

H. The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b).

You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

I. The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J. The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K. The government will, upon defense request, deliver to any laboratory presently registered with the Attorney General in compliance with 21 U.S.C. § 822 and § 823 and 21 C.F.R. 1301.13, a sufficient representative sample of any alleged contraband which is the subject of this indictment to allow independent chemical analysis of such sample.

If there is no response within ten (10) days from the date of the Certificate of Service attached hereto, the bulk of the contraband/narcotics will be destroyed. As usual, random samples will be set aside to be used as evidence at trial.

L. The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M. The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

N. To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial.

O. The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

Q. At the discovery conference scheduled in Section A.5, above, the government will seek written

stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, <u>Brady</u>, <u>Giglio</u>, <u>Napue</u>, and the obligation to assure a fair trial.

                                  Respectfully submitted,

                                  THOMAS E. SCOTT
                                UNITED STATES ATTORNEY

By: _____
     Roger H. Stefin
     Assistant United States Attorney
     Florida Bar No. 0287334
     500 East Broward Blvd., Ste 700
     Fort Lauderdale, Florida 33394
     Tel: (954) 356-7255
     Fax: (954) 356-7336

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered by United States mail this 14th day of February, 2000, to: Kenneth White, Esq., 2400 S. Dixie Highway, Suuite 105, Miami, FL 33133.

_____
Roger H. Stefin
Assistant United States Attorney

cc:  Special Agent Kaysandra Lockhart
     United States Customs Service

After being advised of his Miranda rights, DELAROSA waived his rights and provided the following post arrest statements of his involvement in the imported narcotics. DELAROSA admitted that he and the other subjects observed at the warehouse the night before were involved in off-loading the cocaine for an individual located in Colombia. DELAROSA stated that he and HERNANDEZ broke open the ingots and removed the kilogram packages of cocaine. According to DELAROSA he was provided with $2600.00 in cash prior to his departure from Barrinquilla, Colombia. DELAROSA stated he was to receive $1,000.00 for his participation, and that he paid HERNANDEZ $200.00 as a partial payment for his assistance.