UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

OSWALDO DELAROSA,

Defendant.
_____/

CASE NO:00-6024-CR-FERGUSON
Magistrate Judge Seltzer

**MOTION TO SUPPRESS DEFENDANT'S
CONFESSIONS, ADMISSIONS, AND STATEMENTS**

The Defendant, OSWALDO DELAROSA, by and through his undersigned attorney, pursuant to Rule 12 (b) of the Federal Rules of Criminal Procedure and the Fifth and Sixth Amendments to the United States Constitution, respectfully moves this Honorable Court to suppress as evidence at the time of trial in the above-styled cause all written and oral statements made by the Defendant to the police or other agents of the United States Government or State of Florida on January 21, 2000, and a request for a hearing on the merits of this Motion; and as grounds for this Motion the Defendant would state the following:

1.  That the oral statements were obtained from the Defendant OSWALDO DELAROSA in violation of the Defendant's right to counsel, and the Defendant's privilege against self-incrimination guaranteed by the Fifth, Sixth, and the Due Process Clause of the United States Constitution as interpreted by the United States Supreme Court in <u>Miranda v. Arizona</u>, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed.2d 694 (1966).

U.S. v. Oswaldo Delarosa
Case No. 00-6024-CR-FERGUSON
Page 2

2. The oral statements obtained from the Defendant DELAROSA were not freely and voluntarily given, in violation of the Defendant's rights as guaranteed by the Due Process Clause of the Fifth and Fourteenth Amendment to the United States Constitution.

3. The oral statements were obtained from the Defendant in violation of the Defendant's right to be free from unreasonable searches and seizures guaranteed by the Fourth Amendment and the Fourteenth Amendment to the United States Constitution(1968). Wong Sun v. United States, 371 U.S. 471, 83 S. Ct. 407, 9 L.Ed 2d. 441 (1963); Brown v. Illinois 442 U.S. 590 (1975); Lanier v. South Carolina 106 S.Ct. 297 (1985).

4. OSWALDO DELAROSA'S statements were taken at a time when he was unable to comprehend and understand the nature of the charges against him, the rights he had in regard to talking to the agents, and his ability to fully comprehend and understand the gravity of the charges as well as his rights under the Fifth and Sixth Amendments to the United States Constitution.

5. The instant Motion is based on the following facts:

### FACTUAL BACKGROUND

On January 19, 2000, Special Agents of RAIC/Ft Lauderdale were notified by the United States Contraband Enforcement Team (CET) that an examination on the M/V Uribante had uncovered cocaine secreted in metal aluminum ingots. Agents followed the container to a warehouse at 5056 NW 74th Avenue in Miami, Florida. Agents surveilled the warehouse and saw four individuals unloading the ingot bars. The agents finally proceeded on the morning of January 21st to detain two individuals, one of whom is the defendant OSWALDO DELAROSA. The agents swarmed to the warehouse in approximately five vehicles carrying over ten (10) agents. They rushed

U.S. v. Oswaldo Delarosa<br>
Case No. 00-6024-CR-FERGUSON<br>
Page 3

the defendant OSWALDO DELAROSA who was standing in front of the warehouse. They all had firearms in hand and they pushed the defendant to the ground and spread-eagled him.

The defendant OSWALDO DELAROSA is a fifty-eight (58) year old Spanish-speaking male from Colombia who has no previous experience with law enforcement. He has a history of heart problems and is extremely nervous by nature. The agents kept him on the ground for some time after which they pushed him against the wall of the warehouse, where he was made to stand for approximately one (1) hour. His hands had been handcuffed behind his back while he was made to lie on the ground. The defendant, who speaks no English, was read something from a female agent who didn't seem to know any Spanish. She read him something from a card in broken Spanish which he did not understand. A Spanish speaking agent finally arrived and the defendant was taken into the office area of the warehouse. In the office area of the warehouse, the defendant was interrogated for a substantial period of time. He was never given his Miranda rights nor was any waiver form produced which he could read and initial. Not only was no Miranda Waiver form supplied to the defendant; there was absolutely no explanation of any of his rights in Spanish which he could understand. Overwhelmed by the number of agents and the force shown and used on the defendant, unmindful of his rights, which were never explained to him in Spanish and not knowing that he had a right not to talk to any agent of the government; the defendant OSWALDO DELAROSA explained his participation in renting the warehouse and opening the corporation, METAL DISTRIBUTOR INC. The statements were all oral and were never memorialized in writing or by tape-recording. There is no Miranda Waiver form signed by the defendant as evidence of his waiver of his Miranda rights.

U.S. v. Oswaldo Delarosa
Case No. 00-6024-CR-FERGUSON
Page 4

## MEMORANDUM OF LAW

It is a well- recognized tenet of law that prior to the government's introduction of a suspect's uncounselled statements made during custodial interrogation, the government must show that the suspect voluntarily, knowingly and intelligently waived his privilege against self-incrimination and his right to counsel. See Miranda v. Arizona, 384 U.S. 436, 475; 86 S.Ct. 1602 (1966). After Miranda the conclusive presumption of a involuntary unconstitutional confession or admission can be overcome only upon a showing by the government that 1) its agents have given the suspect certain warnings of his rights prior to the taking of any statements, and 2) the suspect has knowingly and intelligently waived those rights. While not totally guaranteeing that a statement taken from a suspect is free from impermissible coercion, the procedure outlined in Miranda at least serves to mitigate the potential for coercion by giving added protection to the suspect.

In Moran v. Burbine, 475 U.S. 412, 106 S.Ct. 1135, 89 L.Ed.2d 410 (1986), the United States Supreme Court enunciated the two-part analysis involved in determining whether a defendant's waiver of Miranda rights was voluntary, knowing, and intelligent:

> "First, the relinquishment of the right must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception. Second, the waiver must have been made with the full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it. Only if the 'totality of the circumstances surrounding the interrogation' reveal both an uncoerced choice and the requisite level of comprehension may a court properly conclude that the Miranda rights have been waived."

Id. at 421, 106 S. Ct. at 1141(quoting Fare v. Michael C., 442 U.S. 707, 99 S. Ct. 2560, 61 L. Ed. 2d 197)(citations omitted).

U.S. v. Oswaldo Delarosa<br>
Case No. 00-6024-CR-FERGUSON<br>
Page 5

There can be little dispute that both custody and interrogation exist, at least with regard to the post arrest statements. OSWALDO DELAROSA was deprived of his freedom of action and he was not free to leave. Here, over ten (10) agents with firearms drawn stormed the warehouse at 5056 NW 74th Avenue, handcuffed the defendant and pushed him against the wall outside of the warehouse. He was then taken inside the warehouse office where he was kept for about one (1) hour because no agent spoke fluent Spanish and the defendant does not speak English. No agent there informed the defendant of the purpose of their presence or the nature of any charges lodged against him.

In United States v. Beale, 921 F.2d 1412 (11th Cir. 1991), a case similar to the one at bar, the 11th Circuit found that the statement given by an accused during custodial interrogation was improperly admitted. The court held that before the government may introduce suspect's uncounselled statement made during custodial interrogation, it must show that suspect made a voluntary, knowing, and intelligent waiver of his privilege against self-incrimination and his right to counsel; this showing has two distinct dimensions: relinquishment of the right must have been the product of free and deliberate choice rather than intimidation, coercion or deception, and waiver must have been made with awareness of both right being abandoned and consequences of decision to abandon that right.

In this case the government cannot meet the threshold burden of proof by a preponderance of the evidence that Mr. DELAROSA made a voluntary, knowing and intelligent waiver of his constitutional rights under Miranda and the Fifth and Sixth Amendments to the United States

U.S. v. Oswaldo Delarosa<br>
Case No. 00-6024-CR-FERGUSON<br>
Page 6

Constitution. The government cannot meet the burden of proof that the defendant's waiver was a product of free and deliberate choice and that he <u>was aware of the rights he was abandoning and the consequences of his decision to abandon those constitutional rights</u>.

WHEREFORE, the Defendant OSWALDO DELAROSA, moves this Honorable Court to suppress as evidence at his trial in the above-styled cause any and all oral statements obtained by law enforcement agents on January 21, 2000.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished to Roger Stefin, Assistant U.S. Attorney, Office of the United States Attorney, 500 E. Broward Blvd, Suite 700, Ft. Lauderdale, Florida 33394-3002, this March 20, 2000.

Respectfully submitted,

_____
KENNETH H. WHITE, ESQ.
Florida Bar No. 222097

2400 SOUTH DIXIE HIGHWAY
SUITE 105
MIAMI, FLORIDA 33133
TEL: (305) 854-8393
FAX: (305) 858-7299