UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6024-CR-FERGUSON
Magistrate Judge Seltzer

UNITED STATES OF AMERICA,

v.

OSWALDO DELAROSA,

        Defendant.
_____/

GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION TO SUPPRESS CONFESSIONS, ADMISSIONS AND STATEMENTS

The United States responds to defendant Oswaldo Delarosa's Motion to Suppress Defendant's Confessions, Admissions, and Statements, and states as follows:

FACTS

1. On January 19, 2000, agents of the United States Customs Service began an investigation after a shipping container which had arrived at Port Everglades, Fl, was found to contain cocaine. The cocaine was secreted in a shipment of metal bars (ingots). Agents began surveillance and waited for the shipment to be claimed.

2. On January 20, 2000, the shipping container was picked up by a trucking company and



transported to a warehouse located at 5056 N.W. 74th Avenue, Miami, Florida. Shortly thereafter, four individuals, one of whom was later identified as Oswaldo Delarosa, participated in unloading the shipping container. Agents watched the defendant and the others work late into the evening unloading the ingots and placing them into the warehouse bay. Delaraso and some of the other individuals apparently remained inside the warehouse overnight.

3. The following day, January 21, 2000, at approximately 11:45 AM, agents felt they could no longer maintain proper surveillance in the area due to commercial activity taking place in the area, so they decided to move in and detain the defendant. At that moment, Delarosa and another subject, Henry Hernandez were standing in front of the warehouse bay. Delarosa was placed on the ground and handcuffed. Meanwhile, other agents entered the warehouse and found broken ingots in the main warehouse area and approximately 35 kilogram size packages of cocaine in a cardboard box in a room off the main warehouse bay.

4. Delarosa was advised of his Miranda rights by a female agent who was familiar with Spanish. First, she read him his rights in Spanish from a pre-printed card that she carried with her. She read him each line and asked him if he understood before proceeding to the next line. The defendant indicated he understood. A while later, the agent presented the defendant with a rights waiver form, again printed in Spanish. She again went through the defendant's rights and asked him to sign the form. (see attached exhibit 1). The female agent interviewed Delarosa outside the warehouse, limiting the interview to biographical information. The agents and Delarosa then waited for another agent to arrive to conduct a more in-depth interview of the defendant. While waiting for the other agent to arrive, the defendant was allowed to sit in the shade.

5. When the other agent arrived, Delarosa was escorted into the warehouse and had his handcuffs removed. He was then interviewed in an air conditioned office area, seated at a table

with three agents present. He was provided with something to drink. Since, the defendant had already been advised of his Miranda rights, they were not repeated to him. The defendant was interviewed in a cordial manner. There was no shouting or threats made to the defendant. The defendant was certainly advised of the serious situation he was in and was told that if he cooperated, this would be made known to the prosecutor. Under these circumstances, the defendant agreed to tell the agents about his involvement in the cocaine smuggling operation.

## MEMORANDUM OF LAW

A defendant may waive his privilege against self incrimination, but must do so "voluntarily, knowingly and intelligently." Miranda V. Arizona, 384 U.S. at 475, 86 S.Ct. at 1628 (1966). "A confession is voluntary if under the totality of the circumstances it was the product of 'free and rational' choice." Stokes v. Singletary, 952 F.2d 1567, 1572 (11th Cir. 1992, quoting, Paxton v. Jarvis, 735 F.2d 1306, 1308 (11th Cir.) See, Schneckloth v. Bustamonte, 412 U.S. 218, 225-26, 93 S.Ct. 2041, 2047 (1973) (The voluntariness of a confession is determined by the totality of the surrounding circumstances). If the "totality of the circumstances surrounding the interrogation" reveal both an uncoerced choice and the requisite level of comprehension a court may properly conclude that the Miranda rights have been waived. Fare v. Michael C., 442 U.S. 707, 725, 99 S.Ct. 2560, 2572 (1979). See also, North Carolina v. Butler, 441 U.S. 369, 374-375, 99 S.Ct. 1755, 1758 (1979).

A printed card, read by a person shown to have understood the warnings, can satisfy Miranda requirements. United States v. Bailey, 468 F.2d 652, 659 (5th Cir. 1972). Advising a defendant that his cooperation will be made known to the prosecutor is not an improper inducement that renders a subsequent confession involuntary. Williams v. Johnson, 845 F.2d 906,

909 (11th Cir. 1988); United States v. Frazier, 434 F.2d 994, 995-96 (5th Cir.1970).

     In the present case, the defendant was advised of his Miranda rights twice in a language that he understood. He further signed a Miranda form which indicated that he understood his rights and that he was voluntarily relinquishing. Subsequently, he was interviewed in a non-coercive atmosphere. He was not threatened and no improper promises or representations were made to him to induce him to make statements against his will. Under the totality of the circumstances, the United States submits that defendant's statements are admissible against him in a trial of this matter.

                        Respectfully submitted,

                        THOMAS E. SCOTT
                        UNITED STATES ATTORNEY

By: _____
                        ROGER H. STEFIN
                        Assistant United States Attorney
                        Florida Bar No. 287334
                        500 E. Broward Boulevard, Suite 700
                        Ft. Lauderdale, Florida 33394-3002
                        Telephone No. (954)356-7255
                        Fax: (954) 356-7336

## CERTIFICATE OF SERVICE

I HEREBY certify that a true and correct copy of the foregoing Response to Defendant's Motion to Suppress Confessions, Admissions and Statements was mailed this 13th day March, 2000 to Kenneth White, Esq., 2400 S. Dixie Highway, Suite 105, Miami, FL 33133.

By: _____
Roger H. Stefin
Assistant United States Attorney

EXHIBIT 1

## DECLARACION DE DERECHO

Antes de interrogarle, es mi deber decirle sus derechos.

Ud. tien derecho de permanecer callado. __

Cualquier cosa que diga puede ser utilizada contra usted en un tribunal u otros juicios. __

Tiene derecho de consultar con un abogado antes de hacer sus declaraciones o antes de contestar cualquier pregunta; y, puede tener al abogado en su presencia durante el interrogatorio. __

El Comisionado de los Estados Unidos, o el Tribunal le puede obtener un abogado que lo represente, en caso que usted no tenga el dinero, o no pueda hacerlo de otra forma. __

Si usted decide contestar las preguntas ahora, con o sin, un abogado presente, usted todovia tiene el derecho de no contestar en cualquier momento, o interrumpir el interrogatorio para poder consultar con un abogado. __

### NO OBSTANTE —

Usted puede renunciar su derecho a los consejos de abogado y su derecho de permanecer callado, y puede contestar preguntas o hacer una declaracion sin consultar con un abogado, si usted asi lo desea.

## RENUNCIA VOLUNTARIA DE DERECHOS

Me han sido leidas y explicadas las declaraciones de mis derechos antes mencionados y entiendo pienamente estos derechos. Los renuncio libre y voluntariamente, sin amenazas o miedo y sin espera de ninguna recompensa de dinero o imunidad. Me detuvieron a 12:35(hora), el 1-21-00 (fecha) y he firmado este documento a 17:35(hora), el 1-01-00(fecha).

_____
(Nombre)

TESTIGOS:

_____
_____

_____
(Interpreter) Jeannette Morgan CIA

Verbal Reading of Rights
1210 hrs