UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

OSWALDO DELAROSA,
    PETITIONER,

v.                                     CASE NO. 2000-6024-CR
                                                   FERGUSON

UNITED STATES OF AMERICA,
    RESPONDENTS,
_____/

### MOTION TO VACATE AND SET ASIDE, SENTENCE UNDER TITLE 28 U.S.C. §2255

COMES NOW, Petitioner, Oswaldo Delarosa, in propia persona interposing <u>Haines v. Kerner</u>, 404 U.S. 519 (per curiam)(1972), and respectfully submits to this Honorable Court in the wake of the United States Supreme Court decision in <u>Apprendi v. New Jersey</u>, 120 S.Ct. 2348 (2000), that Petitioner's conviction was in violation of the Constitution and Laws of the United States. In support thereof, the Petitioner avers as follows.

### STATEMENT OF THE CASE

Petitioner was indicted by the Grand Jury on January 21, 2000 in the Southern District of Florida for:

> "Knowingly and intentionally combine, conspire, confederate and agree with each



>   other and with others known and unknown to the grand jury to possess with intent to distribute a Schedule II controlled substance, that is a mixture containing a <u>detectable amount</u> of cocaine, in violation of Title 21, United States Code, Section 841(a)(1); all in violation of Title 21 United States Code, Section <u>846</u>."

On June 16, 2000, Petitioner pled guilty to Count One of the instant indictment charging him with conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §846.

## LEGAL ANALYSIS

In this particular case, the indictment contained serious constitutional defects--restricting the Court to jurisdiction-- (see <u>Harry v. United States</u>, 149 F.3d 1304 (11th Cir. 1998)--and cannot serve as the basis for a conviction. Here, the indictment failed to charge the element of the crime pursuant to Title 21 U.S.C. §841(b).

Consequently because the indictment was fatally defective the guilty plea was in violation of Petitioner's Fifth and Sixth Amendment rights because it did not: (1) contain all the elements of the offense so as to fairly inform the defendant of the charges against him, and (2) enable the defendant to plead double jeopardy in defense of future prosecutions for the same offense.

Second, Petitioner was denied his right to the effective assistance, of counsel, guaranteed under the Sixth Amendment by the United States Constitution for (1) Failing to timely submit

Petitioner's Notice of Appeal and , (2) the lawyer performance during plea negotiations and, (3) failing to raise timely objection[s] to the pre-sentence report, which affected the outcome of the sentence (see Glover v. U.S., No. 99-8576 cert.).

**ARGUMENT AND AUTHORITY**

In Apprendi v. New Jersey, 530 U.S. 120 S.Ct. 2348 (2000) the United States Supreme Court held that under the Due Process Clause of the Fifth Amendment and the Notice and Jury Trial guarantees of the Sixth Amendment, "any fact, (other than prior convictions) that, increases the maximum penalty for a crime must be charged in the indictment, submitted to a jury, and proven beyond a reasonable doubt." Apprendi, 120 S.Ct. at 2355, quoting from Jones v. U.S., 526 U.S. 227, 243 N.6 (1999).

While the court in it's earlier decisions had found the same to be required as a matter of statutory interpretation, see Castillo v. U.S., 530 U.S. 120 (2000); Jones v. U.S., 526 U.S. 227 (1999) and, in Jones the Court had suggested that this principle of statutory interpretation might well rise to the level of Constitutional imperative, the Constitutional dimension of this principle arguably was not squarely determined until the recent decision in Apprendi.

Court's regularly have held that the failure to charge an element of a given offense in the indictment must result in the vacating of a conviction based on such a faulty indictment. See U.S. v. Prentiss, 206 F.3d 960 (10th Cir. 2000); U.S. v. Dubo, 186 F.3d 1177 (9th Cir. 1999); U.S. v. Spinner, 180 F.3d 514

3

(3rd. Cir. 1999); U.S. v. Rudisill, 2000 U.S. App. LEXIS 10380 (4th Cir. May 15, 2000)("the failure of an indictment to allege an essential element is not subject to harmless error analysis and it constitutes a 'structural defect in the trial mechanism'").

To let a conviction stand in, such a case as this, with an indictment that was wholly silent as to an essential element of the offense, would be to demean the role of the Grand Jury, (2) the constitutional rights to indictment by the same body; (3) and Due Process, including full an fair notice of all the elements of a criminal offense charged against a defendant.

It is, by now, well settled that a criminal defendant is entitled to be able to determine, to some degree, whether the charge against him was founded upon credible testimony and he has the right to have the Grand Jury serve its traditionally valuable function of standing between the prosecutor and the accused. See Hale v. Henkel, 201 U.S. 43, 59 (1906); National Association of Criminal Defense Lawyers, Federal Grand Jury Reform Report & "Bill of Rights" (2000).

The indictment in the instant case violated Petitioner's constitutional rights to have each and every element of the offense charged in the indictment and the conviction must be vacated for this reason.

Post-Apprendi, Courts of Appeal for nearly all circuits have recognized the imperative that an indictment charge all elements of an offense--specifically, in terms of §§841 and 846 prosecutions, the quantity of drugs. In U.S. v. Mechack, ___F.3d___ (5th Cir. 2000), for example, the court stated:

> *Apprendi* addressed whether certain facts must be proved to and found by the jury. It did not address whether these facts must also be alleged in the indictment, because the defendant did not advanced this argument (see Id. at 2355, N.3). However, the opinion, in conjunction with *Jones*, clearly indicates that a fact which must be proved to a jury is an element of the offense that must also be alleged in the indictment. See e.g., *Id.* at that a defendant be notified of the charges against him and stating that this "protection [] turn[s] on determining which facts constitute the 'crime'--that is, which facts are 'elements or ingredients' of a crime"); *Jones*, 526 U.S. at 232, 119 S.Ct. 1215 ("[E]lements must be charged in the indictment, submitted to a jury, and proven by the government beyond a reasonable doubt.").

*Mechack*, ___F.3d___ (footnote 15).

Similarly, in *U.S. v. Rogers*, ___F.3d___ (11th Cir. 2000), the Eleventh Circuit stated:

> In short, we hold today the drug quantity in §841(b)(1)(A) and §841(b)(1)(B) cases must be charged in the indictment and proven to a jury beyond a reasonable doubt in light of *Apprendi*.

What Petitioner argues today, however, is that the magnitude and import of this constitutional violation has not been reached by the Court interpreting Apprendi to date. An indictment that does not set out the essential elements of the crime fails to charge an offense and suffers from a structural error that prejudices a defendant by violating his constitutional right to a jury trial, as discussed in the following section. Therefore, simply reverting to a "catch-all" subsection of the statue

5

involved (21 U.S.C. §841, in this instance) for sentencing guarantee, and an indictment with such a <u>law</u> must be dismissed.

> II. Whether Petitioner was denied his right to the effective assistance of counsel, guaranteed under the Sixth Amendment to the United States Constitution for: (1) Timely submit his Notice of Appeal; and (2) His lawyer's performance.

Petitioner's rights to be represented by counsel is a fundamental component of our criminal justice system. 'Lawyers in criminal cases are necessities, not luxuries.' ...Their presence is essential because they are the means through which the other rights of the person on trial are secured. Without counsel the right to a trial itself would be 'of little avail ...of all the rights that an accused person has, the right to be represented by counsel is by far the most pervasive for it affects his ability to assert any other rights may have." (citations omitted)(<u>Cronic v. U.S.</u>, 466 U.S. 648, 653 (1984).

The Sixth Amendment's guarantee of the right to the assistance of counsel carries with it, the right to the <u>effective</u> assistance of counsel. <u>McMann v. Richardson</u>, 397 U.S. 759, 771, N.14 (1970). The appointment of counsel is only the starting point for fulfilling the guarantee; it is counsel's actual performance at all stages of the proceedings that must be examined. <u>Cronic</u>, 466 U.S. at 654-57. The guarantee must be fulfilled from the <u>very initiation</u> of the criminal process. <u>Moran v. Burdine</u>, 475 U.S. 412, 431 (1986).

6

The right to effective assistance of counsel encompasses the right to be represented by an attorney who has reserved and prepared the law and facts relevant to the case in order to present an appropriate defense. People v. Hobot, 606 N.Y.S. 2d 277 (A.D. 2nd Dept. 1994). See People v. Droe, 384 N.Y.S. 2d 412 (1974); People v. Bennet, 329 N.Y.S. 2d 801 (1972).

Accordingly, "counsel must conduct appropriate investigations, both factual and legal to determine if matters of defense can be developed, and to allow himself time for reflection and preparation for a case." People v. Hobot,; see also, Strickland, 466 U.S. at 688.

Here, the instant case, counsel failure to argue the base level computation of the Presentence Report of **34**, pursuant to 2D1.1(c)(3), involving at least 15 kilograms but less than 50 kilograms of cocaine, which affected the base offense level, was ineffective because the lab report submitted by the Drug Enforcement Administration (DEA) stated that the cocaine seized (Approx. 35 kilograms) was of **46% of purity**.

Based on these fact, Petitioner asks: Whether he is responsible for "at least" 15 kilograms of Cocaine? Quantity which was based on the purity stated by the laboratory, and affected the base offense level at sentencing.
or;

Why if at sentencing, counselor could have brought the §841(a) issue, raised on June 26, of 2000, in Apprendi, arguing the constitutionality of the indictment which will affect clearly the outcome of the sentence.
and;

<u>Most importantly</u>, why counselor did not file a notice of appeal for Petitioner, or advised him to do so, which was on September 18, and affected Petitioner's deadline in Court. See, <u>Roe v. Flores-Ortega</u>, 160 F.3d 534 (1998)(The Ninth Circuit ordered habeas relief under a <u>bright-line</u> rule that counsel failure to file a notice of appeal is ineffective assistance per se, unless the client <u>specifically</u> instructed counsel not to do so. This Court also held in <u>Lozada</u>, that, "prejudice is presumed under <u>Strickland</u>, if it established that counsel's failure to file a notice of appeal was without the petitioner's consent," <u>Stearns</u>, 68 F.3d at 329.

Here, defense counsel's factual investigation and preparation were not only far below prevailing professional norms, they were virtually nonexistent. This led to his complete ineffective plea negotiations and enhancements arguments to the PSI report. In effect, counsel's lack of preparedness at sentencing and plea negotiations, denied Petitioner of his Sixth Amendment right to Due Process, without which his offense level (of 34) would have been lower.

The Supreme Court and it's jurisprudence clearly suggest that any amount of actual jail time has Sixth Amendment significance. E.g., <u>Argersinger v. Hamlin</u>, 407 U.S. 25. This particular case shows pristinely clear that prejudice flowed from the asserted errors in counsel's performance.

## CONCLUSION

Whether the quantity of drugs in a narcotic prosecution is a "jurisdictional" or a "essential" element of the offense is immaterial. A valid indictment must charge all the elements of the crime, not only in order to appraise the defendant of the charges against him and prevent double jeopardy, but to satisfy the Fifth Amendment's requirement that a Grand Jury find all the elements of a criminal offense before it returns an indictment. The inclusion of all elements...derives from the Fifth Amendment, which requires that the Grand Jury have considered and found all elements to be present. U.S. v. Hooker, 841 F.2d 1225, 1230 (4th Cir. 1988)(en banc).

For all the foregoing reasons the judgement of conviction and sentence should be vacated. alternatively, the sentence should be vacated and the case remanded for re-sentencing to a lawful sentence.

Respectfully submitted,

/s/ Oswaldo Delarosa
Oswaldo Delarosa

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the following was delivered by First Class Mail this _01_ day of _March_, 2001, to the Assistant United States Attorney's Office.

_____
Oswaldo Delarosa